Russell W. Faegenburg
Kendall K. Gurule
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ  07016
Tel:    908.654.5000

*Attorneys for Plaintiff Renex NY Corp.*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RENEX NY Corp., | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | _____, U.S.D.J. |
| | : | _____, U.S.M.J. |
| SUPPLY DEPOT LLC, MATEUS ZIMA, and | : | |
| ABSOLUTE COATINGS, INC., | : | |
| | : | |
| Defendants. | x | |

## <u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

Plaintiff Renex NY Corp. ("Renex" or "Plaintiff"), by its undersigned attorneys, alleges the following as and for its Complaint against Defendants:

## <u>PARTIES</u>

1.     Plaintiff is a domestic corporation organized and existing under the laws of the State of New Jersey with a principal place of business in 12 Edgeboro Road, East Brunswick, New Jersey 08816 from which it operates the Amazon Storefront, "Aserson."   Its sole shareholder is an individual who resides in the District of New Jersey.

2.     Upon information and belief, Defendant Supply Depot LLC is a limited liability company organized under the laws of the State of New Jersey and having an address of 129 Market Street, Kenilworth, New Jersey 07020. Its two members, Vitaly and Dennis Zaretsky, are both residents of New Jersey.

3.      Mateus ("Matthew") Zima is an individual of unknown physical address with an email address of matthewzimanyc@gmail.com.

4.      Absolute Coatings, Inc. is the owner of record of the POLYCARE registration (Reg. No. 1,574,242) at the heart of the present case.  Absolute Coatings is a Delaware corporation with an address of 1999 Elizabeth Street North Brunswick, New Jersey 08902.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

6.      This Court has personal jurisdiction over Defendants because, upon information and belief: (1) Defendants do substantial business and have substantial and continuous contacts with New Jersey; (2) Defendant Supply Depot LLC is incorporated in this judicial district and Defendants Supply Depot LLC and Absolute Coating, Inc. have their principal places of business located in this judicial district; and/or (3) Defendants regularly solicit business from, do business with, and/or derive revenue from consumers located in this judicial district.  For at least these reasons, therefore, Defendants should reasonably expect that their activities might have consequences in this judicial district.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND

8.      Plaintiff is a seller of many types of products in the online marketplace <amazon.com> that is owned and operated by Amazon.com, Inc. ("Amazon").  One of the products offered for sale by Plaintiff is a two pack of a hardwood floor cleaning product bearing

the mark CRAFTSMAN'S CHOICE.

9. On information and belief, when Plaintiff started selling this product on Amazon, the listing bore the title: (2 Pack) PolyCare 70020 Cleaner concentrate 20 Oz. with the product image for the CRAFTSMAN'S CHOICE product as follows:



10. After a visual inspection and comparison of the product with the image on the listing, Plaintiff packed and sent its CRAFTSMAN'S CHOICE to Amazon under the existing POLYCARE listing with the CRAFTSMAN'S CHOICE product pictures under the existing Amazon Standard Identification Number (ASIN) B01G96E0UE.

11. Plaintiff bought all of its CRAFTSMAN'S CHOICE product from an authorized distributor of Absolute Coatings, Inc. and did not alter or modify the product or its packaging in any way.

12. The POLYCARE mark for "floor cleaners for polyurethane treated floors" was filed by Absolute Coatings, Inc. on October 10, 1989, registered on January 2, 1990, as Registration No. 1,574,242 (Exhibit 1) and was still owned by Absolute Coatings, Inc. as late as July 5, 2022 (Exhibits 1 and 2).

13. On information and belief, Absolute Coatings had an ownership interest in the POLYCARE mark and the CRAFTSMAN'S CHOICE mark when Plaintiff submitted its

3

offering to Amazon for its two pack of the CRAFTSMAN'S CHOICE cleaner.

14.     On information and belief, after Plaintiff sent its product to Amazon, the Amazon product image of the two-pack listing was changed to show two bottles of POLYCARE product rather than the previous picture of two CRAFTSMAN'S CHOICE bottles.

15.     In 2022, the owners of the POLYCARE mark announced a transition of the brand name for the product from POLYCARE to CRAFTSMAN'S CHOICE but with the same formula.  (*See* Exhs. 3, 4.)

16.     On June 29, 2022, Plaintiff received a notification from Amazon that an individual named Matthew Zima had filed a complaint with Amazon asserting that the CRAFTSMAN'S CHOICE product sent to Amazon earlier by Plaintiff represented an inauthentic, counterfeit POLYCARE product.  (Exh. 5.)

17.     Defendants and Plaintiff are direct competitors who sell their goods via Amazon storefronts.

18.     Defendants' illegal actions have irreparably damaged, and threatened to destroy, Plaintiff's successful business.

## AMAZON AND ITS MARKETPLACE

19.     Upon information and belief, Amazon is the world's largest online retailer.

20.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined.  *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailerscombined-124101625.html.

21.     Amazon's online e-commerce platform allows for third parties, like Plaintiff, to sell products on its e-commerce platform.

22.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

23.     For many years, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

24.     Third-party sellers, like Plaintiff, create an online storefront on Amazon.  When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product.  Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

25.     A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

26.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Plaintiff ships products to the Amazon warehouses, and Amazon then ships Plaintiff's products from its warehouse to the buyer.  This program is known as "Fulfilment by Amazon" or "FBA."

27.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

28.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury Plaintiff.

29.     Amazon has developed an automated process for addressing complaints by Rights Owners and their agents relating to the sale of goods that are inauthentic, counterfeit, and/or

infringe on intellectual property rights. Pursuant to that process, Amazon will often suspend sellers about whom such complaints are made without notice.

30. "Counterfeit" is a term of art that connotes goods that are false or fraudulent copies of legitimate goods or otherwise infringe on intellectual property rights. Inauthentic is used interchangeably with the term counterfeit on Amazon.

31. The Lanham Act defines a "counterfeit" as "a spurious mark, which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

32. At no time did Plaintiff market or sell any goods that were counterfeit or infringed on the intellectual property rights of Defendants.

33. Each product listed for sale on Amazon is assigned a unique ASIN. It is Amazon's policy to prevent a product from being assigned multiple ASINS. In furtherance of that policy, Amazon requires sellers who wish to market and sell a product that is already listed for sale on Amazon to join the existing ASIN listing.

34. Other than adding itself to the relevant listings as set forth *infra*, Plaintiff neither created nor modified those listings.

35. During the relevant period, Plaintiff joined the existing listings for ASIN B01G96E0UE (POLYCARE 2-pack) with the intent to sell the CRAFTSMAN'S CHOICE products depicted therein.

36. Beginning on or about June 29, 2022, Defendants, through Mateus (aka Matthew) Zima acting on their behalf, knowingly made false representations by email to Amazon that he was an agent of the owner of the POLYCARE mark. Mr. Zima further alleged that Plaintiff was marketing and selling products under the aforementioned ASIN that were counterfeit,

inauthentic, and/or infringed on Defendants' intellectual property rights in the POLYCARE mark.

37.    In response to this complaint, Plaintiff provided Amazon with its receipts showing that its CRAFTSMAN'S CHOICE products were genuine.  Amazon then reinstated Plaintiff's listing as a result.  (*See* Exh. 6.)

38.    Defendants, through Mr. Zima, once again filed the complaint on or about November 15, 2022, that Plaintiff's product was counterfeit.  This time, Amazon removed Plaintiff's product listing in response.  (*See* Exh. 7.)

39.    In response to an email inquiry seeking retraction, Mr. Zima represented that he was representing Defendants who were "the exclusive seller of polycare [sic] and has sole authority for distribution of all polycare [sic] products."  (Exh. 8.)

40.    Mr. Zima did not indicate that Defendant Supply Depot LLC was the owner of the trademark rights for POLYCARE, that Defendant Supply Depot LLC was authorized to enforce rights under the POLYCARE mark, or that the product sold by Plaintiff improperly bore a counterfeit POLYCARE mark.

41.    In the Amazon Report Infringement form (https://amzn.to/3gcS78P), the person filling out the report form must indicate under penalty of perjury that he is the Rights Owner or an Agent of the Rights Owner and that the product "has an unlawful reproduction of a registered mark."  Amazon expressly excludes those having only an exclusive distribution agreement from using the form to allege infringement.



42.     It is well known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

43.     As one Amazon expert explained:

In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable. ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications. They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/      (emphasis added).

44. On information and belief, Defendants were, at all relevant times, aware that Amazon will act on its report that a product is "counterfeit," regardless of the truth of the report.

45. On information and belief, Defendants' allegations against Plaintiff's CRAFTSMAN'S CHOICE products were knowingly false and made in bad faith.

46. On information and belief, Defendants Supply Depot and Mateus Zima are not owners of the POLYCARE mark for floor cleaners.  (*See* Exh. 2.)

47. On information and belief, Defendants Supply Depot and Mateus Zima do not own the right to enforce the POLYCARE mark for floor cleaners against third parties.

48. Plaintiff's product does not bear the POLYCARE mark.

49. Defendants have refused to retract their false complaints.

50. It is well known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

51. As the result of these false representations by Defendants, Amazon removed Plaintiff from the listing and has now characterized Plaintiff internally as a seller of counterfeit products.

52. At the times and in the manner set forth above, Defendants' knowingly false statements to Amazon constituted accusations that Plaintiff trafficked in counterfeit goods with knowledge that such allegations would result in a suspended listing and could result in suspension of all of Plaintiff's selling privileges.

53. Trafficking in counterfeit goods is a crime pursuant to 18 U.S.C. § 2320.

54.     Amazon does provide buyers with options to return an item that was not the one depicted in the online listing.  Two such reasons available to every buyer include "Wrong item was sent" and "Inaccurate website description."



55.     When such a return is made, the seller is informed of the reason and is thus given notice of possible defects in its product listings.  Defendants did not use this option.

56.     The availability of options to correct a mistake in a listed product infer that Defendants could have reported an error in Plaintiff's listing without asserting that Plaintiff was selling counterfeit products.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment—No Trademark Infringement Or Counterfeiting

57.     Plaintiff repeats and incorporates each of the allegations in the foregoing paragraphs of this Complaint, as if fully set forth herein.

58.     Plaintiff sells genuine CRAFTSMAN'S CHOICE branded floor cleaner products.

59.     Defendants submitted complaints to Amazon that Plaintiff's CRAFTSMAN'S CHOICE floor cleaner is a counterfeit product and infringed the POLYCARE trademark.

60.     The CRAFTSMAN'S CHOICE product sold by Plaintiff is not a counterfeit POLYCARE product.

61.     The CRAFTSMAN'S CHOICE product sold by Plaintiff does not infringe the POLYCARE trademark.

62.     Defendant's complaint has caused the deactivation of Plaintiff's listing and its ability to sell the product on Amazon.

63.     Defendants' false complaints threaten to cause the suspension of Plaintiff's selling privileges as they relate to any and all products.

64.     Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

65.     Under these facts, an actual controversy exists between Plaintiff and Defendants.

66.     Plaintiff is entitled to a declaratory judgment that it has not sold counterfeit POLYCARE products.

67.     Plaintiff is entitled to a declaratory judgment that it has not violated Defendant's trademark rights or other rights, whether under Federal or State law.

## SECOND CLAIM FOR RELIEF
### Defamation

68.     Plaintiff repeats and incorporates each of the allegations in the foregoing paragraphs of this Complaint, as if fully set forth herein.

69.     Defendants published false statements to Amazon regarding Plaintiff, as described in this Complaint, including reporting to Amazon that Plaintiff sold "counterfeit" POLYCARE products.

70.     The statements authored by Defendants and published by the Defendants to Amazon, referred to herein, are defamatory *per se* because the false statements impute to the Plaintiff a criminal offense involving moral turpitude, that is, if the allegations were true, would subject Plaintiff to indictment and criminal punishment for trafficking in counterfeit goods under 18 U.S.C. § 2320.

71.     The statements were calculated to, and do, hold the Plaintiff up to unsubstantiated allegations of moral turpitude.  By such publication, the Defendants did injure the Plaintiff's reputation with Amazon.

72.     The statements, individually and taken together as a whole, prejudice Plaintiff in its business relationship with Amazon, casting Plaintiff as a counterfeiter.

73.     Plaintiff did not sell counterfeit POLYCARE products.

74.     Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine CRAFTSMAN'S CHOICE products.

75.     Defendants' false statements are not protected by any privilege.

76.     Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

77.     False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation *per se*.

78.     Here, Defendants published statements that Plaintiff was engaged in trademark counterfeiting, which is a criminal offense.

79.     Defendants' false statements constitute defamation *per se*.

80.     Plaintiff is entitled to damages, costs, and fees as allowed by law.

81.     Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## THIRD CLAIM FOR RELIEF
### Trade Libel

82.     Plaintiff repeats and incorporates each of the allegations in the foregoing paragraphs of this Complaint, as if fully set forth herein.

83.     Defendants knowingly published false and derogatory statements regarding Plaintiff's business to third-party Amazon.

84.     Specifically, Defendants published false and materially derogatory statements that Plaintiff was selling counterfeit POLYCARE products.

85.     Defendants' statements that Plaintiff was selling counterfeit POLYCARE products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

86.     On information and belief, Defendants knew that submitting a false complaint to Amazon would cause Amazon to suspend Plaintiff's product listing and damage Plaintiff's good seller metrics with Amazon.

87.     Plaintiff suffered special damages as a result of Defendants' statements in the form of lost dealings, damage to selling reputation, and an increased likelihood that Amazon would bar Plaintiff from sales of any products on the Amazon Marketplace.

88.     As a result of Defendants' false rights owner complaint, Plaintiff's product listing was removed from Amazon resulting in a direct and immediate loss in revenue.

89.     Plaintiff is entitled to damages, costs, and attorney fees as allowed by law.

90.     Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## FOURTH CLAIM FOR RELIEF
### Tortious Interference With Business Expectancy

91.     Plaintiff repeats and incorporates each of the allegations in the foregoing paragraphs of this Complaint, as if fully set forth herein.

92.     Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

93.     Plaintiff is in a contractual relationship with Amazon that allows Plaintiff to sell products on the Amazon Marketplace.

94.     Plaintiff has a reasonable expectancy that it will profit from sales of products on the Amazon Marketplace as a result of its relationship with Amazon.

95.     At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon and the expectancies associated therewith.

96.     At all relevant times, Defendants were aware of the terms and conditions of Amazon for selling on Amazon as well as the advantageous business relationship that comes with being an Amazon seller.

97.     Defendant Supply Depot, through the actions of Mateus Zima acting on its behalf and authorization, intentionally and improperly interfered with Plaintiff's advantageous relationship with Amazon by filing false complaints, in writing, with Amazon that Plaintiff was selling counterfeit products.

98.     Defendants' conduct directly and proximately caused harm to Plaintiff's relationship with Amazon and Amazon's view of Plaintiff as a reputable seller.

99.     Defendants intended to cause Amazon to suspend Plaintiff's ability to sell CRAFTSMAN'S CHOICE cleaner on Amazon and thereby interfere with the business relationship Amazon had with Plaintiff.

100.    Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell CRAFTSMAN'S CHOICE cleaner on Amazon.

101.    Defendants' accusations of counterfeiting, made directly to Amazon, were for the improper purpose of suppressing competition.

102.    Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing to be suspended.

103.    The intentions of Defendants are demonstrated by the fact that Defendants ignored correspondence from Plaintiff's counsel and refused to retract its complaint.

104.    Defendants' accusations were false and were made maliciously and with ill will.

105.    Plaintiff has been damaged by suspension of its listing and the associated lost revenue.

106.    Plaintiff is entitled to damages, costs and attorney' fees as allowed by law.

107.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**FIFTH CLAIM FOR RELIEF**
**<u>Unfair Competition Pursuant To New Jersey Common Law</u>**

108.     Plaintiff repeats and incorporates each of the allegations in the foregoing paragraphs of this Complaint, as if fully set forth herein.

109.    This is a claim for unfair competition, arising under the common law of the State of New Jersey.

110.    Defendant Supply Depot LLC, as a market competitor of Plaintiff, engaged in deceptive conduct by disseminating false and misleading representations to Amazon through its agent, Mateus Zima, that Plaintiff sold counterfeit POLYCARE products.

111.     As a direct and proximate result of the false and misleading representations of fact made by Defendants Supply Depot and Mateus Zima, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

112.     As a direct and proximate result of the actions by Defendants Supply Depot LLC and Mateus Zima, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.   Defendants will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

A.     An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants;

B.     Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing false complaints with Amazon and any other e-commerce platform that pertain to Plaintiff;

C.     Injunctive relief requiring Defendants to retract all complaints that they have filed on Amazon and any other e-commerce platform that pertain to Plaintiff;

D.     An award of all damages that Plaintiff has suffered as a result of Defendants' defamation, false representations, and unfair competition;

E.     An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

F.     An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

G.     An award of all damages that Plaintiff has suffered as a result of Defendants' trade libel;

H.     An award of all costs and attorney fees incurred in this Action; and

I.     Such other and further relief as the Court shall find just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Renex NY Corp.*

Dated: January 27, 2023          By     s/ Russell W. Faegenburg
                                        Russell W. Faegenburg
                                        Tel.    908.654.5000
                                        E-mail:rfaegenburg@lernerdavid.com
                                              litigation@lernerdavid.com

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:      January 27, 2023          By     s/ Russell W. Faegenburg
                                             Russell W. Faegenburg
                                             Tel.  908.654.5000
                                             E-mail: rfaegenburg@lernerdavid.com
                                                   litigation@lernerdavid.com

17