Jonathan R. Lagarenne
Cali R. Spota
**FOX ROTHSCHILD LLP**
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469
JLagarenne@foxrothschild.com
CSpota@foxrothschild.com

*Attorneys for Defendant Absolute Coatings, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RENEX NY CORP., <br><br> Plaintiff, <br><br> v. <br><br> SUPPLY DEPOT LLC, MATEUS ZIMA, ABSOLUTE COATINGS, INC., and POLYCARE SUPPLY GROUP LLC, <br><br> Defendants. | Case No.: 2:23-cv-00489-WJM-JRA <br><br> **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ABSOLUTE COATINGS, INC.'S MOTION FOR SANCTIONS FOR PLAINTIFF'S AND PLAINTIFF'S COUNSEL'S VIOLATION OF FED. R. CIV. P. 11** <br><br> **Return Date: June 5, 2023** <br><br> *(Document Filed Electronically)* |

**<u>TABLE OF CONTENTS</u>**

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ................................................................................... 4

LEGAL STANDARD AND ARGUMENT ........................................................... 7

I.      STANDARD OF REVIEW ......................................................................... 7

II.     SANCTIONS AGAINST RENEX AND RENEX'S COUNSEL ARE
        WARRANTED   BECAUSE   RENEX'S   CLAIMS   AGAINST
        ABSOLUTE   ARE   FRIVOLOUS   AND   UNWARRANTED   BY
        EXISTING LAW ......................................................................................... 9

        A.      Renex Knew, or Should Have Known Through Adequate Due
                Diligence, that Absolute was not the POLYCARE Trademark
                Holder when Renex was Allegedly Injured, Rendering its
                Declaratory Judgment Claim Against Absolute Frivolous and
                Unwarranted by Existing Law ..................................................... 9

        B.      Renex's Remaining Allegations Against Absolute (Counts II-V)
                Lack Any Evidentiary Support, Warranting Sanctions ...................... 11

                i.      The Factual Contentions Regarding Absolute Alleged in
                        Counts II-V Lack Any Evidentiary Support and Cannot have
                        Reasonably been made in Good Faith. ..................................... 12

                ii.     The Factual Contentions Regarding Absolute Alleged in
                        Counts II-V are Contradicted by the Allegations in the FAC
                        and its Supporting Exhibits. ...................................................... 16

CONCLUSION ................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Doering v. Union Cnty. Bd. of Chosen Freeholders*,
  857 F.2d 191 (3d Cir. 1988) ...................................................................7

*Giangrasso v. Kittatinny Reg. High Sch. Bd. of Educ.*,
  865 F. Supp. 1133 (D.N.J. 1994).............................................................8

*Lentz v. Taylor*,
  Civ. 17-4515, 2022 WL 580875 (D.N.J. Feb. 24, 2022)......................8

*Leonard v. Natalie*,
  Civ. No. 20-47, 2020 WL 529600 (W.D. Pa. Feb. 3, 2020)................8

*Lieb v. Topstone Indus., Inc.*,
  788 F.2d 151 (3d Cir. 1986) ...................................................................7

*Martin v. Brown*,
  63 F.3d 1252 (3d Cir. 1995) ...................................................................8

*Nahas v. Shore Medical Ctr.*,
  Civ. 13-06537, 2021 WL 3047032 (D.N.J. July 20, 2021) ...........7, 9

*In re Schaefer Salt Recovery, Inc.*,
  542 F.3d 90 (3d Cir. 2008) .....................................................................9

**Statutes and Other Authorities**

Fed. R. Civ. P. 11 ............................................................................*passim*

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), Defendant Absolute Coatings, Inc. ("Absolute") respectfully moves the Court to sanction Plaintiff Renex NY Corp. ("Renex" or "Plaintiff") and its counsel, Lance G. Johnson, Esq. ("Johnson").

Renex, assisted by counsel, continues to maintain its frivolous claims against Absolute in its First Amended Complaint (Dkt. 22; "FAC") despite being repeatedly put on notice by Absolute's counsel since February 23, 2023 of the unsupported and frivolous nature of its claims. As explained by Absolute's counsel via telephone and multiple letters, these claims are wholly lacking in evidentiary support or factual basis as to Absolute and are contradicted by the very evidence relied on by Renex within the First Amended Complaint. Despite Renex's awareness of the faultiness of its claims, Renex's FAC continues to focus on the same two central issues mentioned in Renex's initial Complaint (Dkt. 1; "Complaint"): a claim of non-infringement as to the POLYCARE trademark and claims relating to alleged harm caused by an allegedly false statement purportedly made by, or on behalf, of the holder of the POLYCARE trademark.

Renex understands Absolute was not the holder of the POLYCARE trademark when Renex's alleged injuries occurred; has not been the trademark holder since at least July 5, 2022 (an assignment of the trademark has been duly recorded with the

United States Patent and Trademark Office ("USPTO") and has been public record since November 2022); and has not authorized any third party, including Mr. Zima, to take any action on its behalf against Renex with respect to the POLYCARE trademark. All of this is directly demonstrated by Renex's own exhibits attached to its initial Complaint,[1] as well as its exhibits attached to the FAC. This was also explicitly explained to counsel for Renex multiple times, including through the filing of a motion to dismiss which explained in detail why Renex claims against Absolute have no basis in fact or law.

Crucially, Renex was aware of these fatal deficiencies regarding its claims against Absolute before filing its Complaint and FAC. Renex's claims as to Absolute hinge on Renex's assertion that Absolute authorized Mr. Zima to act on its behalf and file a complaint with Amazon against Renex in June 2022. However, Renex knows this is not true, yet represents to the Court otherwise. In fact, months before Renex's filing of its initial Complaint, counsel for Absolute denied this allegation by phone and email with Renex's counsel, Mr. Johnson, on November 30, 2022 (Declaration of Jonathan R. Lagarenne, Esq., dated April 7, 2023 ("Lagarenne Decl."), Exh. A.). Mr. Zima also denied acting on Absolute's behalf on November 15, 2022. FAC Exh. 8. Further, it is beyond dispute that Absolute has

---

[1] The Exhibits referenced in Plaintiff's Complaint were not served on Absolute and have not yet been docketed. *See* Dkt. No. 1.

no standing to assert any claims related to the trademark nor any control over the trademark since at least July 5, 2022, making the asserted claims against Absolute in this litigation utterly futile.

Even with clear evidence making their asserted claims against Absolute impossible before it, Renex and its counsel not only brought their initial Complaint against Absolute without any evidentiary support for their baseless conclusory allegations, but then doubled down on their patently unmeritorious and frivolous arguments in the FAC. These filings have forced Absolute to devote significant resources to defending against Plaintiff's baseless claims, caused unnecessary delay, and needlessly increased the cost of the litigation.

Rule 11 provides that sanctions may be imposed for violating the Rule's requirements that a party's claims must be "warranted by existing law" and must "have evidentiary support." Fed. R. Civ. P. 11(b). In this case, Plaintiff's counsel has clearly violated these prohibitions, and sanctions are appropriate to "deter repetition of [this] conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The FAC and Complaint rest on mere conclusory statements with no factual allegations specifying actionable conduct because, as Renex knows, there are no facts supporting their asserted claims against Absolute. The patently unmeritorious and frivolous claims asserted by Renex and its counsel

against Absolute are precisely the type of abuse of the legal system that Rule 11 was adopted to prevent.

Accordingly, in order to deter repetition of this conduct or comparable conduct by others similarly situated, Absolute respectfully requests that this Court sanction Renex and its counsel by dismissing all claims against Absolute with prejudice, holding Plaintiff and Plaintiff's counsel jointly responsible for the payment, in an amount to be determined at a later date, of Absolute's attorneys' fees and costs that Absolute has incurred defending against these objectively unreasonable claims, and such other and further relief the Court deems just and proper.

## STATEMENT OF FACTS

Absolute created and registered trademark registration number 1,574,242 (the "POLYCARE trademark") with the United States Patent and Trademark Office on January 2, 1990. Declaration of Cali R. Spota, Esq. dated March 13, 2023 ("Spota Decl."), Dkt. 18, Exh. A. Absolute entered into an agreement to transfer the POLYCARE mark in early 2022 and transferred the POLYCARE trademark to Polycare Supply Group, LLC on July 5, 2022. Spota Decl., Dkt. 18, Exh. B. This assignment was recorded by the USPTO on November 29, 2022. *Id.*

Absolute learned of Renex's concerns with its Amazon.com listing in November 2022 when it received a letter from Renex's counsel. FAC Exh. 4. At

4

this time, however, Absolute was not the holder of the POLYCARE trademark and had not owned the POLYCARE trademark since July 5, 2022. Spota Decl., Exh. A. Absolute has had no legal standing to bring a trademark complaint against Renex since July 5, 2022, nor has Absolute made or authorized Supply Depot, LLC ("Supply Depot"), Mr. Matthew Zima, or any other third party to make any complaints on Absolute's behalf regarding Renex to Amazon, which was confirmed to Renex by Mr. Zima (FAC, Exh. 8 ("Canlak [parent of Absolute] has no authority to polycare brand or products, nor has any legal standing to make comments in this situation.")) and to Mr. Johnson by Absolute's counsel (Lagarenne Decl., Exh. A) ("As I mentioned [during earlier phone call] [Absolute] sold the brand over the summer and did not file any of the notices with Amazon that were apparently lodged against [Renex's] listing.").

The exhibits to the FAC show that the only statement ever made by Absolute with respect to Renex's attempts to maintain its Amazon listing for Renex's products was **helpful** to Renex, as Absolute confirmed, at Renex's request, that the Renex product was made with the same formula used for the Polycare product. FAC, Exh. 4. This statement also demonstrated that Absolute was speaking independently and not working in concert with any of the other Defendants, as seen when Mr. Zima countered Absolute's statement about the Renex product by noting that Canlak/Absolute had "no authority" over the Polycare brand, FAC Exh. 8,

which is indisputably a true statement of fact, confirmed on the public record in the trademark office.

Renex filed its initial Complaint on January 27, 2023, two months after being providing both constructive and actual notice that (1) Absolute was no longer the trademark owner of the POLYCARE trademark; and (2) Absolute had no involvement with the statements made to Amazon regarding Renex. After speaking to counsel for Renex on February 23, 2023, Absolute's counsel sent a letter to Renex's counsel on February 28, 2023, advising Renex of the fatal deficiencies contained in its Complaint and requesting Renex dismiss the Complaint as to Absolute. *See* Declaration of Cali R. Spota, Esq. dated April 7, 2023 ("Second Spota Decl."), Exh. A. Renex did not respond to Absolute's letter. Absolute then timely filed its initial Motion to Dismiss (Dkt. 18, "MTD") on March 13, 2023. Renex filed its FAC as a matter of right on March 24, 2023. Absolute again requested that Renex, through its counsel, withdraw or amend the FAC considering the factual and evidentiary deficiencies identified. *See* Second Spota Decl., Exh. B. Absolute then served this instant motion on counsel for Renex on April 7, 2023. Counsel for Renex failed to withdraw or satisfactorily amend the FAC in response to Absolute's letter, within the 21-day safe harbor provided by Rule 11, which forced Absolute to yet again file another motion to dismiss, this time for the meritless FAC. This timely motion for sanctions follows.

## LEGAL STANDARD AND ARGUMENT

### I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 11(b), "[b]y presenting to the court a pleading, written motion, or other paper," an attorney certifies that it is "not being presented for any improper purpose," "the claims are warranted," and "the factual contentions have evidentiary support." *Nahas v. Shore Medical Ctr.*, Civ. 13-06537, 2021 WL 3047032, at *2 (D.N.J. July 20, 2021) (citing Fed. R. Civ. P. 11). "The signature of counsel on a pleading certifies that a reasonable investigation of the facts and a normally competent level of legal research support the presentation." *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986) (describing Rule 11 as "a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'").

Rule 11 sanctions are appropriate "in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Nahas v. Shore Medical Ctr.*, Civ. 13-06537, 2021 WL 3047032, at *2 (D.N.J. July 20, 2021) (internal citations omitted); *see also Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). The Third Circuit has recognized that Rule 11 sanctions are warranted where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." *Id.* Unless the signing of the document was reasonable under the circumstances, "with reasonableness defined as an

objective knowledge or belief at the time of the filing . . . that the claim was well-grounded in law and fact," then sanctions are warranted. *Leonard v. Natalie*, Civ. No. 20-47, 2020 WL 529600, at *2 (W.D. Pa. Feb. 3, 2020) (granting sanctions because, even though there was no subjective bad faith, the pleading was "entirely ungrounded in either" fact or law). "Sanctions under Rule 11 'are based on an objective standard of reasonableness under the circumstances.'" *Lentz v. Taylor*, Civ. 17-4515, 2022 WL 580875, at *1 (D.N.J. Feb. 24, 2022) *(*citing *Martin v. Brown*, 63 F.3d 1252, 1254 (3d Cir. 1995)).

Rule 11(c)(1) states that "if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions include the payment to the moving party of "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2); *see also Giangrasso v. Kittatinny Reg. High Sch. Bd. of Educ.*, 865 F. Supp. 1133 (D.N.J. 1994)) (granting sanctions for maintaining frivolous claims in an amount calculated to deter the offending party from repetition.)

A Rule 11 motion alleging that a party has violated subsection (b) of the rule must be filed as a separate pleading. *See* Fed. R. Civ. P. 11(c)(2). Under the "safe harbor" provision of Rule 11(c)(2), a party cannot file a motion for sanctions until

it first presents the motion to the offending party and allows 21 days for the other party to withdraw or correct the challenged issue. *Nahas v. Shore Medical Ctr.*, Civ. 13-06537, 2021 WL 3047032, at *2 (D.N.J. July 20, 2021) (citing *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008)).

The Complaint and FAC contain only conclusory allegations, with no factual contentions grounded in evidentiary support, and thus fail to plausibly plead any nonfrivolous causes of action against Absolute. Renex and its counsel knew that the claims regarding Absolute were frivolous and lacked evidentiary support when the Complaint was filed. The FAC doubles down on these non-meritorious claims and has needlessly increased the cost of litigation. Sanctions are therefore warranted under Rule 11.

## II.   SANCTIONS AGAINST RENEX AND RENEX'S COUNSEL ARE WARRANTED BECAUSE RENEX'S CLAIMS AGAINST ABSOLUTE ARE FRIVOLOUS AND UNWARRANTED BY EXISTING LAW

### A.   Renex Knew, or Should Have Known Through Adequate Due Diligence, that Absolute was not the POLYCARE Trademark Holder when Renex was Allegedly Injured, Rendering its Declaratory Judgment Claim Against Absolute Frivolous and Unwarranted by Existing Law

As detailed in Absolute's Motion to Dismiss (Dkt. 18), Renex first sought a declaratory judgment that "it has not sold counterfeit POLYCARE products." FAC ¶ 91; Complaint ¶ 66. Absolute assigned the POLYCARE trademark to a third-party on July 5, 2022. FAC Exh. 2. Absolute lacked standing to assert any rights related

to the POLYCARE trademark since that time. There is therefore no viable claim today warranted by existing law against Absolute for declaratory judgment, nor was there when Renex filed its initial Complaint.

Absolute did not own the POLYCARE trademark when Renex's alleged injuries occurred in November 2022, when Renex's product was taken off a listing for Polycare products by Amazon. Renex knows there is no actual controversy as between Renex and Absolute under Count 1 (as first alleged in Complaint ¶ 65), which is perhaps why Renex amended FAC Count 1 to potentially exclude Absolute ("Under these facts, an actual controversy exists among Plaintiff, Zima, and the PSG Defendants." FAC ¶ 90). A diligent pre-filing search of the USPTO website before filing the Complaint, as required by Rule 11, would have shown that Plaintiff's initial Count 1 was not warranted by existing law as to Renex.

Furthermore, Renex had actual knowledge that Absolute was not the rights holder for the POLYCARE trademark when Renex's alleged injuries occurred. Renex includes in its FAC (and original Complaint) a November 15, 2022 email from Mr. Zima which explicitly states that "Canlak [parent of Absolute] has no authority to polycare brand or products, nor has any legal standing to make comments in this situation." Exh. 8. Furthermore, on November 30, 2022, counsel for Absolute confirmed to Renex's counsel, Mr. Johnson, by phone conversation and in writing that "[Absolute] sold the brand over the summer and did not file any

of the notices with Amazon that were apparently lodged against [Renex's] listing."
Lagarenne Decl., Exh. A.

Renex and its counsel knew when it filed its original complaint that no legal remedy was warranted under existing law as to Absolute. Renex nevertheless knowingly brought suit against Absolute anyway. To the extent FAC Count 1 is alleged against Absolute, Renex continues to pursue a frivolous claim that is not warranted by existing law. This conduct warrants sanctions under Rule 11.

### B.   Renex's Remaining Allegations Against Absolute (Counts II-V) Lack Any Evidentiary Support, Warranting Sanctions

Renex's remaining allegations as to Absolute are logically incoherent, which is perhaps unsurprising given that they completely lack any evidentiary basis and are in fact contradicted by the exhibits Renex relies on in support of its Complaint and FAC. As detailed in Absolute's initial Motion to Dismiss, Renex continues to plead four separate claims – Count II (Defamation), Count III (Trade Libel), Count IV (Tortious Interference with Business Expectancy), and Count V (Unfair Competition) – as separate injuries based on the same allegedly false statements made to Amazon. *See* Dkt. 18. As detailed further below, Renex still fails to identify a single false or defamatory statement made by Absolute or indeed any specific facts supporting that Absolute authorized any Defendant or third party to make any false or defamatory statements to Amazon at all.

11

Moreover, Renex's own exhibits establish that Absolute did not authorize any third party or the other Defendants to speak on behalf of Absolute since these exhibits clearly show the other Defendants refuting Absolute's statements made in support of Renex's position. This is consistent with the representations made by Absolute's counsel to Renex's counsel on November 30, 2022. As none of the factual contentions in Renex's remaining claims are grounded in any evidentiary support, and cannot reasonably have been made in good faith, sanctions against Renex and its counsel are warranted under Rule 11.

> i.    *The Factual Contentions Regarding Absolute Alleged in Counts II-V Lack Any Evidentiary Support and Cannot have Reasonably been made in Good Faith.*

As highlighted in Absolute's initial Motion to Dismiss, Counts II and III both require a false statement made by Absolute, and Counts III and IV require some sort of "interference" by Absolute, which in this case, based on the pleadings, would also be the making of false statements about Renex or its products and/or otherwise trying to influence Amazon to remove the Renex product listing from Amazon.com. *See* Dkt. 18. Renex initially failed to identify a single false or harmful statement, or any statement for that matter, made by Absolute to Amazon. Nor did Renex allege ***any*** specific action or effort by Absolute to have Renex's listing removed from Amazon.com. Instead, Renex relied entirely on a conclusory assertion that all Defendants collectively, through Mr. Zima, made false statements to Amazon.

Complaint, ¶¶ 36, 38. Renex now repeats these errors in its FAC, again relying on conclusory allegations as to Absolute that cannot reasonably have been made in good faith.

Renex pleaded no facts specifying its initial conclusory allegation that "Defendants, through Mr. Zima, once again filed the complaint on or about November 15, 2022." Complaint, ¶ 38. This is because there are **no facts** to support this – Absolute at no time authorized Mr. Zima, or any other third party, to assert any ownership rights as to the POLYCARE trademark to Amazon, or anyone else.

Renex tries to overcome this deficiency with subtle but meaningless amendment and out right false statements in its FAC. Renex first implies that because Mr. Christopher Olszyk, Esq., who represented Absolute before the USPTO, remains the counsel of record for the POLYCARE registration, there must be some collusion between Absolute and the other Defendants. FAC ¶¶ 22-25. It is worth noting that Mr. Olszyk **was not** the original counsel of record for the POLYCARE registration. The POLYCARE registration issued on January 2, 1990, with Myron Cohen of Cohen, Pontani, Lieberman & Pavane as counsel of record. The attorney of record changed a few times for the POLYCARE registration until Mr. Olszyk became attorney of record on November 21, 2021. This is all publicly available on the USPTO website. As per standard USPTO practice, it is incumbent upon the new owner of the trademark to file a change of attorney/new power of

13

attorney to name their own attorney. There is no affirmative duty for an attorney to then rescind his or her attorney of record status when a trademark is assigned to a new owner. In any case, the mere fact a person is attorney of record on trademark office files does not imply or connote collusion with the party that purchased the trademark after the attorney first appeared.  Further, as Plaintiff knows, the firm of Fox Rothshild does not represent the current owner of the POLYCARE trademark. Thus, the fact that Mr. Olszyk is still listed as the attorney of record for the POLYCARE trademark is completely irrelevant. This was explained to counsel for Renex by letter on March 24, 2023. *See* Second Spota Decl., Exh. B.

Further, Renex's assertion that its counsel reached out to Mr. Christopher Olszyk, an attorney at Fox Rothschild, LLP, on November 22, 2022 in good faith to confer regarding Mr. Zima's complaints to Amazon but received no response from Mr. Olszyk, is purposely misleading. FAC ¶¶ 24-25. While Mr. Olszyk himself did not reply to Renex's counsel, **his partner, Mr. Lagarenne, Esq., at Fox Rothschild, did respond on behalf of Absolute to the letter sent to Mr. Olszyk by Renex's counsel**. Lagarenne Decl., Exh. A. Thus, Renex's contention that, receiving no response, "[f]rom this silence in the circumstances, Plaintiff has a reasonable belief that Absolute Coatings was aware of, condoned, or otherwise approved of the actions of Mr. Zima in submitting the complaint filed with Amazon

around June 29, 2022 that alleged Plaintiff was selling counterfeit POLYCARE products," FAC ¶ 25, **is simply a lie.**

Contrary to the assertion of the FAC, on November 30, 2022, Absolute's counsel, Mr. Jonathan Lagarenne, Esq. of Fox Rothschild, LLP, directly confirmed Absolute's lack of involvement in any complaints by Mr. Zima to Amazon regarding Renex, **by phone and in writing**, to Mr. Johnson, counsel for Renex. Lagarenne Decl., Exh. A.[2] ("[Absolute] sold the brand over the summer and **did not file any of the notices with Amazon** that were apparently lodged against your client's listing"). This November 30, 2022 response pre-dated Renex's filing of the Complaint and the FAC. **Thus, the Renex FAC allegations against Absolute are founded entirely on a lie** that Mr. Olszyk's "silence" supports the alleged "awareness, condon[ing], or approval" by Absolute of Mr. Zima's June 29, 2022 complaint to Amazon. Mr. Johnson undeniably received a response from Absolute's counsel, which even if he somehow forgot, he was reminded of by counsel on March 24, 2023. *See* Second Spota Decl., Exh. B. However, counsel for Renex ignored Absolute's letter, again implicitly refusing to dismiss the claims in the FAC

---

[2] Not that it matters, but Mr. Olszyk was included as a cc on this email correspondence between Absolute's counsel and Mr. Johnson in November and, as such, was involved in the communication contrary to the allegations in the FAC.

as to Absolute despite there being no good-faith basis for Renex's to maintain its claims against Absolute.

ii. *The Factual Contentions Regarding Absolute Alleged in Counts II-V are Contradicted by the Allegations in the FAC and its Supporting Exhibits.*

Further, Absolute's direct denial of any involvement in the complaints to Amazon is bolstered by Renex's own exhibits showing that the other Defendants were **<u>not</u>** speaking for or on behalf of Absolute. FAC and Complaint, Exh. 8 (Email from Mr. Zima declaring that "[s]upply [d]epot is the exclusive seller of [p]olycare and has sole authority for distribution of all [p]olycare products**…[Absolute] has no authority to [p]olycare brand or products, nor has any legal standing to make comments in this situation**.") (emphasis added). There is no reasonable basis to support Renex's allegation that "Absolute Coatings was aware of, condoned, or otherwise approved of the actions of Mr. Zima in submitting the complaint filed with Amazon around June 29, 2022." FAC ¶ 25. Renex's continued pursuit of its claims against Absolute given these contradictory facts represents an abuse of the litigation process that warrants sanctions under Rule 11.

Even if Renex did have a reasonable basis to support its conclusory allegations against Absolute, which it does not, its remaining tortured pleadings remain logically inconsistent, contradictory, and frivolous. Renex alleges that "The PSG Defendants and Absolute published, caused to be published, approved, or ratified

the publication by Zima of false statements to Amazon." FAC ¶ 94. These and similar allegations seek to imply an agency relationship between Absolute and Mr. Zima. Renex's reluctance to plead the existence of such a relationship is telling and damning. As detailed above, Renex understands that at no point was Mr. Zima authorized to speak on behalf of Absolute.

Renex's own pleadings recognize this fatal flaw. Renex alleges that "Mr. Zima knowingly made false representations by email to Amazon under penalty of perjury that he was an agent of the owner of the POLYCARE trademark. (At that time, defendant Absolute Coatings was the record owner of the POLYCARE trademark and registration.)" FAC ¶ 47. However, Mr. Zima's alleged June 29, 2022 complaint can only have been a "false representation…that he was an agent of the owner of the POLYCARE trademark" if Mr. Zima was in fact **not** acting as an agent of Absolute when the June 29, 2022 complaint was made.[3] Renex therefore simultaneously pleads that Mr. Zima was both acting as an agent of Absolute and not acting as an agent of Absolute regarding the June 29, 2022 complaint to Amazon. In short, the allegations are impossible, and Renex cannot have it both ways.  More to the point, there is simply no basis for any claim that Mr. Zima was

---

[3] For the record, as of June 29, 2022 an agreement to transfer the POLYCARE trademark was in place, but the assignment was not executed until a few days later on July 5, 2022.

ever acting on behalf of Absolute. Long before Renex initiated this action, Renex knew full well that Absolute had nothing to do with any complaints made to Amazon about Renex.

Renex is fully aware that Mr. Zima has never acted on Absolute's behalf, rendering all of its claims against Absolute wholly unmeritorious and frivolous. Absolute's counsel confirmed that Mr. Zima was not working on Absolute's behalf on November 30, 2022. Lagarenne Decl., Exh. A. Mr. Zima directly confirmed that he was not working on Absolute's behalf on November 4, 2022. FAC, Complaint Exh. 8. Renex continues to pursue its claims against Absolute anyway despite knowing that they are not warranted under existing law. This conduct represents exactly the type of abuse of the legal system that Rule 11 was adopted to prevent. Sanctions against Renex and its counsel are therefore warranted under Rule 11.

## <u>CONCLUSION</u>

For at least the reasons stated above, Renex and its counsel should be sanctioned under Rule 11, including by dismissing all claims against Absolute with prejudice, holding Plaintiff and Plaintiff's counsel jointly responsible for the payment, in an amount to be determined at a later date, of Absolute's attorneys' fees and costs that Absolute has incurred defending against these objectively unreasonable claims, and any other relief the Court deems proper.

Dated: May 1, 2023                   Respectfully submitted,

_/s/ Cali R. Spota_
Jonathan R. Lagarenne
Cali R. Spota
**FOX ROTHSCHILD LLP**
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469
JLagarenne@foxrothschild.com
CSpota@foxrothschild.com

_Attorneys for Defendant Absolute Coatings, Inc._

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant Absolute Coatings, Inc.'s Motion for Sanctions under Fed. R. Civ. P. 11 was filed and served upon all counsel of record as of this date via the Court's CM/ECF system and email.

Dated: May 1, 2023                **FOX ROTHSCHILD LLP**

*/s/ Cali R. Spota*
Cali R. Spota
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469
Cspota@foxrothschild.com

*Attorneys for Defendant Absolute Coatings, Inc.*